SAMUEL F. V. WHITED, RESPONDENT, *v.* WILLIAM HAMILTON, APPELLANT.

*Lease—provision giving landlord lien on fixtures—validity of.*

A written lease executed by the plaintiff to the defendant and his partner, provided, among other things, that, in case the party of the second part should fail to pay the rent, when it became due, said party of the first part might sue for the same, or re-enter said premises, or resort to any legal remedy, or take possession of all fixtures or stuff put in by the lessees, who were to remove nothing until the rent was paid.

*Held*, that, as between the parties to the lease, the plaintiff upon default in payment of the rent, was entitled to the possession of the personal property as security therefor, and could maintain replevin to recover it from defendant who had wrongfully removed it.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action in the County Court of Oswego county, and from an order denying a motion for a new trial made upon a case and exceptions.

*W. H. Gardenier*, for the appellant.

*Webb & Coon*, for the respondent.

TALCOTT, P. J.:

This was an action of replevin commenced in a Justices' Court; commenced to recover the possession of certain personal property, the contents of a ball alley and bar, which had been in a building, leased by the plaintiff to the defendant and his partner, one Watson, now deceased, and which had been wrongfully removed from said building by the defendant to avoid the payment of rent. The plaintiff, in the suit before the justice, recovered, and the value of the property was found to be sixty dollars. The case was then appealed for a new trial to the County Court of Oswego county, and on such new trial being had before that court, the plaintiff again recovered.

On the trial in the County Court, the defendant took several exceptions to the decision of the county judge, and appeals to this court from the judgment rendered in the County Court.

The only question presented on this appeal, which is presented by the defendant, is, whether the plaintiff had a right to the possession of the property when the action was commenced. The written lease of the premises, by the plaintiff to the defendant and his partner, among other things, contains the following provision: "And provided the said party of the second part shall fail to pay said rent or any part thereof when it becomes due, it is agreed that said party of the first part may sue for the same, or re-enter said premises, or resort to any legal remedy, or take possession of all fixtures and stuff put in by them — such as alleys and belongings, bar and contents, etc., etc. They are to remove nothing until the rent is paid."

In addition to this, the defendant took the plaintiff around the premises and exhibited to him the fixtures and personal property which the lessee had placed in the premises, and stated to the plaintiff the value of the various articles, and said that there might be some months when he would not be able to pay the rent, but the plaintiff had abundant security, meaning upon the property of the lessees, which was upon the premises and so exhibited. And, on another occasion, when the plaintiff's agent went to the defendant to endeavor to make some arrangement about the rent which had become due and remained unpaid, the defendant said to the agent that the plaintiff had a claim on the fixtures and

personal property of the lessees, placed in the premises by them, for his rent.

Rent was due for the premises and remained unpaid, and the defendant removed from the premises the articles replevied, constituting a portion of the property described in the lease, privately and under circumstances that tended to show that he had removed such property to avoid the payment of rent, and to diminish the security of the plaintiff for the collection of the same.

There can be no doubt but that the defendant intended to give the plaintiff a lien upon the property as security for the rent, and that it was so understood between both the parties. The provision in the lease is to that effect. The plaintiff was thereby authorized to take possession of the property, and the defendant agreed to remove none of it until the rent was paid. The effect of the provision in the lease was to give the plaintiff a lien on the property as security for the rent. However the case might be, if there were any creditors or subsequent purchasers, there can be no doubt that, as between the parties to the lease, the plaintiff was entitled to the possession of the property as security. (*McCaffrey* v. *Woodin*, 65 N. Y., 459.)

The judgment should be affirmed.

Present—TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment and order affirmed.